[No. 26403. Department Two. December 23, 1936.]

W. B. REINHARDT, *Respondent,* v. F. I. SPRAGUE *et al.,*
*Appellants.*[1]

*Geo. H. Crandell,* for appellants.

*Wright & Wright (Felix Rea,* of counsel), for respondent.

TOLMAN, J.—Plaintiff, as the successor in interest of one who purchased at receiver's sale the accounts receivable, bills receivable, and the books and records, of an insolvent corporation, instituted this suit to recover on two causes of action; the first being a book account for repairs to an automobile alleged to have belonged to the defendants, and the second being based upon a claim that the defendants had converted to their own use another automobile which had been re-

[1]Reported in 63 P. (2d) 350.

conditioned by and was owned by the insolvent corporation.

Trial was had to the court, sitting without a jury, resulting in findings of fact on the first cause of action strictly in accordance with the allegations of the plaintiff's complaint. On the second cause of action, the court found:

"That the defendants, F. I. Sprague and the community composed of F. I. Sprague and Hilda E. Sprague, his wife, owned one Studebaker automobile sedan and repairs were made and there was due as an account receivable to the Seattle Franklin Company, and which is now owned by the plaintiff herein, an account against F. I. Sprague individually and the community composed of himself and his wife, in the sum of $110.01, for repairs made and done by the Seattle Franklin Company upon the said Studebaker sedan for the defendant, F. I. Sprague individually and the community composed of F. I. Sprague and Hilda E. Sprague, his wife, a total on both causes of action of $436.28."

From a judgment on these findings, the defendants have appealed.

The appellants seem to contend that the findings are contrary to the preponderance of the evidence in all essential respects. As to the first cause of action, it will be sufficient to say that a reading of the evidence convinces us that it does not preponderate against the findings.

The second cause of action requires a more detailed discussion. A carefully prepared and tabulated report, made by a certified public accountant from the books of the insolvent corporation, which was received in evidence over objection (which ruling is not now questioned), shows the facts substantially as follows:

The automobile involved in this cause of action was taken in by the insolvent corporation as a down payment on the purchase of a new car on May 17, 1933,

at a valuation of $585. On the next day, May 18th, the appellant F. I. Sprague loaned the corporation $250, for which he was given a chattel mortgage on the car as security, the loan to mature in ninety days. Thereafter, the books show four different charges against this car for repairs, beginning with May 23rd and ending with June 26th of the same year, amounting in the aggregate to the sum of $124.55. The books show that the car was taken over by Sprague, to satisfy the note and mortgage, on August 3, 1933, or just four days prior to the appointment of a receiver for the corporation. Mr. Sprague was the secretary of the corporation, and it appears that the various book entries, from which we draw the information just given, were made by or under his directions, but we find no evidence which impeaches them.

The contest below was largely focused upon the question of whether there was an authorized and bona fide surrender of the car to Mr. Sprague in payment of the debt due to him. If there was, then there was no conversion and, of course, Sprague would be under no legal obligation to pay to any one the sums which the corporation spent in reconditioning the car while it was the owner of it.

At the time Sprague took possession of the car, he was given a written bill of sale executed in the name of the corporation by its president. There is nothing to suggest that there was any collusion between the officer executing the bill of sale and Mr. Sprague. In the absence of anything to the contrary, it must be presumed that the president of the corporation engaged in selling automobiles at retail has authority to bind the corporation in such a transaction. If he might sell an automobile for cash and then use the cash to pay off a chattel mortgage, then no doubt he could likewise surrender the mortgaged property

in payment of the debt. It is not to be presumed that the president of the corporation would be obliged to obtain special authority from the board of trustees before he could make such a contract.

The only suspicious circumstance is that the transaction took place four days before the appointment of a receiver and at a time when the corporation was probably insolvent. If this was a fraud upon the creditors of the corporation, it should have been questioned in the receivership proceedings. Certainly it was not an account receivable or anything which passed to the purchaser of the books of account at the receiver's sale.

The judgment must be modified by the elimination of $110.01 which was erroneously included therein. In all other respects, the judgment will stand affirmed.

Appellant will recover costs on this appeal.

MILLARD, C. J., HOLCOMB, MITCHELL, and BEALS, JJ., concur.